UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RAYMOND W. SMITH and
BRADLEY W. SMITH                                                            PLAINTIFFS

V.                                                              CIVIL ACTION NO. 2:05CV9

BANCORP SOUTH and
LEWIS S. STEEN                                                              DEFENDANT

## ORDER

This cause comes before the court upon the motion of defendant Bancorp South to dismiss, pursuant to Fed. R. Civ. P. 12. Plaintiffs have responded in opposition to the motion, and the court, being advised in the premises, is now prepared to rule.

This is, *inter alia*, a RICO action filed by plaintiffs against Bancorp South and Lewis S. Steen, who at one time served as president of Bancorp South's Olive Branch, Mississippi bank. The allegations in plaintiffs' complaint center around Steen's allegedly unlawful actions in seeking to obtain repayment of business loans made by his bank to A.W. Smith Equipment Company ("Smith Company") and/or its owner, Anthony W. "Tony" Smith ("the deceased"). The deceased was the only son of plaintiff Raymond Smith and the father of plaintiff Bradley Smith. Plaintiffs allege that, on November 10, 1998, Steen made an improper withdrawal of $80,000 from the account of plaintiff Raymond Smith even though, they contend, Raymond Smith had no liability for his son's business debts. Plaintiffs allege that, on November 26, 1999, Steen improperly transferred $28,000 from Raymond Smith's checking account into the Smith Company's account in order to cover debits made against the Smith Company's business checking account.

The deceased was killed in an accident on October 29, 2001. The complaint alleges that, at the time of his death, the deceased had never signed a $ 1 million promissory note documenting a line of credit between his business and Bancorp South. The complaint further alleges that, following the deceased's death, Steen and his bank ordered an individual to enter the

Smith Company's premises to search for documentary evidence relating to monies owed to the bank. Plaintiffs allege that, upon finding that the $ 1 million promissory note had not been signed, Steen forged the deceased's name on the note. Based upon these and other allegations, plaintiffs filed the instant RICO action in this court on January 4, 2005.

From reviewing the parties' submissions, it is clear that plaintiffs allege unlawful actions of a serious nature on the part of defendant. In seeking dismissal, defendant relies upon several alternative arguments in support of dismissal, some of which allege that plaintiffs have failed to properly plead their actions. In response, the plaintiffs have sought to file a second amended complaint which, they assure the court, will serve to clarify many of the factual and legal issues in this case. The Magistrate Judge previously denied plaintiffs leave to file such amended complaint, based upon the fact that this case had previously been stayed pending resolution of the motion to dismiss. The Magistrate Judge noted that plaintiffs could move to re-file their motion to amend at a later date, but the court concludes that it is in need of the legal clarity which plaintiffs promise to provide in their second amended complaint before ruling on the motion to dismiss.

It is therefore ordered that plaintiffs shall have thirty days from this order to file a second amended complaint. Defendant's motion to dismiss [26-1] is hereby dismissed without prejudice, and defendant shall have leave to re-file its motion to dismiss after plaintiffs file their second amended complaint.

This, the 25th day of September, 2006.

    /s/ Michael P. Mills
    **UNITED STATES DISTRICT JUDGE**